UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 2:18-cr-87-SPC-MRM

HOLLIE D. DUSTIN

# ORDER[1]

Before the Court is Defendant Hollie D. Dustin's Motion for Early Termination of Supervised Released (Doc. 74), which neither the United States Attorney's Office nor Probation Office oppose. For the below reasons, the Court grants the motion.

Almost four years ago, the Government filed a three-count Information against Dustin for submitting fraudulent invoices to Fannie Mae for reimbursement. (Doc. 23). She waived an indictment and pleaded guilty to all counts per a plea agreement. (Doc. 1; Doc. 2; Doc. 3). The Court then sentenced her to six months of imprisonment and three years of supervised release. (Doc. 47-1). She now asks the Court to end her term of supervised released early.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

After considering the factors in 18 U.S.C. § 3553(a), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice[.]" 18 U.S.C. § 3583(e)(1). The relevant § 3553(a) factors are: (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational and vocational training, medical care, or correctional treatment; (6) the applicable guideline range; (7) any policy statements set forth by the Sentencing Commission; (8) the need to avoid unwarranted sentencing disparities; and (9) the need to provide restitution. 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7). A court has discretion to end a term of supervised release early. *See United States v. Cordero*, 7 F.4th 1058, 1069 (11th Cir. 2021).

After considering the above principles against Dustin's motion and the record, the Court grants her unopposed requested relief. Dustin is less than four months shy of completing her thirty-six-month term of supervised release. She has paid all restitution owed, shown she is a rehabilitated person, and is ready to transition into society as a law-abiding citizen. The Court is thus satisfied that Dustin's conduct and the interest of justice warrant terminating her supervised release early.

Accordingly, it is now

**ORDERED:**

Defendant Hollie D. Dustin's Motion for Early Termination of Supervised Released ([Doc. 74](Doc. 74)) is **GRANTED**.  Dustin's term of supervised release is terminated effective today.

**DONE AND ORDERED** in Fort Myers, Florida on April 25, 2022.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record